# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 4, 2013

No. 12-60412
Summary Calendar

Lyle W. Cayce
Clerk

MARIO ANDRES MATA-CHAVARRIA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A036 663 766

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mario Andres Mata-Chavarria, native and citizen of Mexico, was ordered removed, pursuant to his conviction under Texas Penal Code § 31.03(e)(4)(A) (theft), which was deemed an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) by both the Immigration Judge and the Board of Immigration Appeals (BIA). In his petition for review, Mata contends his prior conviction does not qualify as an aggravated felony subjecting him to deportation under 8 U.S.C. § 1227(a)(2)(A)(iii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although 8 U.S.C. § 1252(a)(2)(C) strips our court of jurisdiction to review orders of removability based on an alien's commission of an aggravated felony, we may consider related questions of law, including whether a given offense is a qualifying felony. *E.g.*, *Martinez v. Mukasey*, 519 F.3d 532, 538 (5th Cir. 2008) (whether bank-fraud conviction was an aggravated felony constitutes reviewable question of law). Because the BIA's decision did not adopt the Immigration Judge's, we review only the former. *E.g.*, *Bouchikhi v. Holder*, 676 F.3d 173, 176 (5th Cir. 2012).

To determine whether a state statute states a qualifying theft offense under § 1101(a)(43)(G), we compare the state statute at issue to our "generic definition of a theft offense, which is a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent". *Nolos v. Holder*, 611 F.3d 279, 285 (5th Cir. 2010) (internal quotation marks and citation omitted). The state statute provides in relevant part: "A person commits an offense if he unlawfully [without the owner's effective consent] appropriates property with intent to deprive the owner of property. . . . [A]n offense under this section is a state jail felony if the value of the property stolen is $1,500 or more but less than $20,000". TEX. PENAL CODE ANN. § 31.03(a), (b)(1), & (e)(4)(A).

Pursuant to this analysis, the BIA did not err in concluding the statute states a crime qualifying as a theft under § 1101(a)(43)(G), as the state statute comports with our generic theft definition. *E.g.*, *id.*; *see also United States v. Benitez-Villafuerte*, 186 F.3d 651, 659 (5th Cir. 1999).

DENIED.